UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

EVELYN GLORIA VIDELA CAMUS,

    Plaintiff,

vs.

CRYSTAL CRUISES, INC. and
INTERNATIONAL CRUISE
MANAGEMENT AGENCY c/o
International Cruise Services, Ltd.,

    Defendants.
_____/

## NOTICE OF REMOVAL

The Defendants, CRYSTAL CRUISES, INC. and INTERNATIONAL CRUISE MANAGEMENT AGENCY c/o INTERNATIONAL CRUISE SERVICES, LTD., by and through their undersigned counsel and pursuant to 28 U.S.C. § 1441(a) and 9 U.S.C. § 202, *et seq.*, hereby file this Notice of Removal, and in support thereof, state:

1.    This is an action by EVELYN GLORIA VIDELA CAMUS, a seaman from Chile and former employee of the Defendant International Cruise Services, Ltd.

2.    Plaintiff alleges that she sustained an injury on "or about November 2010" while working in the course of her employment.

3.    Plaintiff filed a lawsuit in the Eleventh Judicial Circuit in and for Miami-Dade County, Florida. Plaintiff's service of process documentation reflects a service date on Crystal Cruises, Inc. of January 16, 2013. (Summons, Complaint and Notice of Service of Process, attached hereto as Exhibit "1"). This notice of removal is timely filed within thirty days of service of the Complaint.

4. At all times material to Plaintiff's Complaint, the terms of Plaintiff's employment were governed by an Employment Agreement between the parties; a copy of the Employment Agreement is attached hereto as Exhibit "2."

5. Plaintiff dated and signed the Employment Agreement immediately under the following language:

> I, the undersigned EMPLOYEEE, declare that I have read and understand the terms of this AGREEMENT and agree to be bound by them. Nor oral promises or other agreements have been made to me and I cannot claim and I am not entitled to any additional benefits of any kind whatsoever except those provided in this AGREEMENT.

(Ex. 2, p.1).

6. Additionally, the "ICSL/CRYSTAL CBA 2010/2011" is attached and incorporated into her Employment Agreement. (Ex. 2).

7. Plaintiff signed each page of the ICSL/CRYSTAL CBA under the words, "Read, understood and accepted". (Ex. 2).

8. The Employment Agreement sets forth the terms and conditions of her employment on board the *Crystal Serenity*, including the mandatory grievance procedure:

> 19. ...EMPLOYER and EMPLOYEE agree that any dispute or claims arising under this AGREEMENT shall be governed and adjudicated pursuant to the laws of Norway, and the agreed arbitration procedure, regardless of any other legal remedies that may be available.

(Ex. 2).

9. The Grievance Resolution Procedure is mandatory and is applicable to all claims arising from Plaintiff's employment on board the *Crystal Serenity*.

> 25.  GRIEVANCE RESOLUTION PROCEDURE
> Notwithstanding any other provisions of this AGREEMENT to the contrary, the following grievance procedures are mandatory and must be used by all parties hereto in resolving any claims or grievances arising from or related to the EMPLOYEE's service on board the ship.

  D. <u>Arbitration</u>
If not resolved by the Union, the EMPLOYER, and/or the EMPLOYEE, all claims, grievances, and disputes of any kind whatsoever relating to or in any way connected with the EMPLOYEE'S service for the EMPLOYER, including but not limited to claims for personal injury or death, no matter how described, pleaded or styled, and whether asserted against the EMPLOYEE, EMPLOYER, Master, Ship Owner, vessel or vessel operator, shall be referred to and resolved exclusively by binding arbitration pursuant to the United Nations Convention on Recognition and Enforcement of Foreign Arbitral Awards (New York 1958)…

(Ex. 2).

10. The Employment Agreement sets forth the location for the mandatory arbitration as follows:

  25.D.(c) Any arbitration shall take place in Oslo, Norway, unless there are bona-fide extraordinary circumstances such as the inability of the EMPLOYEE to travel due to health reasons and/or his/her inability to obtain travel documents to Oslo, in which case said arbitration shall take place in a mutually agreed upon location accessible to the EMPLOYEE, the Union and the EMPLOYER. In the event that all three parties are unable to agree upon an alternative location, the agreement of any two of the three shall prevail.

(Ex. 2, ¶25.D.(c)).

11. The Employment Agreement explains that the outlined grievance procedure is to be followed to the exclusion of all litigation:

  25.D.(h). The EMPLOYER, the Union and the EMPLOYEE acknowledge that by agreeing to arbitration they voluntarily and knowingly waive any right they may have to a jury trial. The arbitration referred to in this Article is exclusive, mandatory, and binding. Claims and lawsuits arising from or relating to the EMPLOYEE'S service on board the ship shall not be brought by any party to the AGREEMENT except to compel arbitration or to enforce the arbitration award.

(Ex. 2, ¶25.D.(c)).

12. The Employment Agreement constitutes an arbitration agreement falling under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention").

Plaintiff's home nation of Chile is a signatory to the Convention. (List of Signatory Nations, attached hereto as Exhibit "3").

13.  Cases involving the interpretation of arbitration agreements are removable to federal court. Specifically, 9 U.S.C. § 205 states:

> Where the subject matter on an action proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may, at any time before the trial thereof, remove such action or proceedings to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

14.  Additionally, 28 U.S.C. § 1441(a) permits the defendant or defendants in any civil action brought in state court of which the federal district courts have original jurisdiction to remove the action to the district court for the district encompassing the state court in which the action is pending.

15.  Contrary to the mandatory and exclusive remedies set forth in the Employment Agreement, Plaintiff filed a lawsuit against the named Defendants on December 26, 2012 in the Eleventh Circuit of Miami-Dade County, Florida, Case No.: 12-49918 CA 27 asserting claims for Jones Act Negligence, Unseaworthiness, Failure to Provide Maintenance and Cure, and Failure to Treat. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit "1," and the Defendants' Motion to Dismiss filed in the State Court is attached hereto as Exhibit "4". There were no orders rendered by the State Court and the motion to dismiss was not set for hearing prior to removal; the Defendants have not waived the right to removal. *Yusefzadeh v. Nelson, Mullins, Riley & Scarborough, LLP*, 365 F.3d 1244, 1246-47 (11th Cir. 2004).

16.     The Complaint expressly states that the "causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. Section 30104, and the General Maritime Law of the United States." (Ex. 1, Seaman's Complaint, ¶4).

17.     Original jurisdiction over civil cases of admiralty or maritime jurisdiction was vested in the district courts by the Judiciary Act of 1789. Judiciary Act of 1789, ch. XX, § 9, 1 Stat. 73 (codified as amended at 28 U.S.C. § 1333(a)).

18.     Accordingly, this suit is an action over which the United States District Court has original jurisdiction under the provisions of 9 U.S.C. § 202, *et seq.*, and one that may be removed to federal court under the provisions of 9 U.S.C. § 205, in that it is an action arising under the laws of the United States and relating to an arbitration agreement falling under the Convention.

19.     The additional grounds for removal are as follows:

   a)     There has been no trial of the state court action.

   b)     EVELYN GLORIA VIDELA CAMUS is a seaman from Chile. Defendants CRYSTAL CRUISES, INC., and INTERNATIONAL CRUISE MANAGEMENT AGENCY C/O INTERNATIONAL CRUISE SERVICES, LTD., are foreign corporations and the *Crystal Serenity* is registered in the Bahamas.

   c)     The underlying Employment Agreement signed by Plaintiff mandates that any personal injury claims must be resolved by arbitration in Oslo, Norway (absent extraordinary circumstances).

   d)     Because the Agreement is between a foreign corporation and a foreign seaman and because the Agreement provides for arbitration, this dispute falls under the provisions of the Convention. See 9 U.S.C. § 202, *et seq.*

20. This Court has jurisdiction over this action, and this case is properly removed pursuant to 9 U.S.C. § 205 to the United States District Court for the Southern District of Florida.

21. Pursuant to 28 U.S.C. § 1446(d), written notice of this Notice of Removal is being provided to the Plaintiff.

22. Also pursuant to 28 U.S.C. § 1446(d), a copy of this Notice will be filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida.

23. Defendants, CRYSTAL CRUISES, INC. and INTERNATIONAL CRUISE MANAGEMENT AGENCY C/O INTERNATIONAL CRUISE SERVICES, LTD., file and present herewith the sum of $350.00 as required by 28 U.S.C. §1446.

WHEREFORE, the Defendants, CRYSTAL CRUISES, INC. and INTERNATIONAL CRUISE MANAGEMENT AGENCY C/O INTERNATIONAL CRUISE SERVICES, LTD., remove this action pending against it in the Circuit Court of the Eleventh Judicial Circuit, in and for Miami-Dade County, Florida, Case No.: 12-49918 CA 27 to this Court.

DATED: February 14, 2013

/s/ Stephanie H. Wylie
**Jonathan W. Skipp**
Florida Bar No.: 710570
jskipp@admiral-law.com
**Stephanie H. Wylie**
Florida Bar No.: 130140
swylie@admiral-law.com
HORR, NOVAK & SKIPP, P.A.
Attorney for Defendant
Two Datran Center, Suite 1700
9130 S. Dadeland Boulevard
Miami, FL 33156
Telephone: (305) 670-2525
Facsimile: (305) 670-2526
Attorneys for Defendants

/135

CASE NO.:
PAGE 7

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on February 14, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

/s/ Stephanie H. Wylie
**Stephanie H. Wylie**
Florida Bar No.: 130140
swylie@admiral-law.com

## SERVICE LIST

| **Richard Alsina, Esq. *** | **Jonathan W. Skipp** |
|---|---|
| Florida Bar No.: 883182 | Florida Bar No.: 710570 |
| ralsina@lipcon.com | jskipp@admiral-law.com |
| Lipcon, Margulies, Alsina & Winkleman | HORR, NOVAK & SKIPP, P.A. |
| One Biscayne Tower | Two Datran Center, Suite 1700 |
| Two S. Biscayne Blvd., Suite 1776 | 9130 S. Dadeland Boulevard |
| Miami, FL 33131 | Miami, FL 33156 |
| Telephone: (305) 737-3016 | Telephone: (305) 670-2525 |
| Telephone: (305) 373-6204 | Facsimile: (305) 670-2526 |
| **Attorneys for Plaintiff** | **Attorneys for Defendants** |

*via E-Mail and U.S. Mail