☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION | | CASE NUMBER |
|---|---|---|
| ☒ CIVIL<br>☐ OTHER | - CIVIL ACTION SUMMONS<br>(b) Form for Personal Service on a Natural Person | 12-49918 CA 27 |

| PLAINTIFF(S)<br>EVELYN GLORIA VIDELA CAMUS | VS. DEFENDANT(S)<br>CRYSTAL CRUISES, INC.<br>INTERNATIONAL CRUISE MANAGEMENT<br>AGENCY c/o International Cruise Services,<br>Ltd. | CLOCK IN<br><br>1-16-13  10:35A<br><br>Herman Mather's<br>Special Process Server #2<br>Leon County, Florida |

THE STATE OF FLORIDA: TO EACH SHERIFF OF THE STATE, YOU ARE
COMMANDED to serve this Summons and a copy of the Complaint in this lawsuit on
defendant: CRYSTAL CRUISES, INC.
By Serving:

| To Defendant(s): | Corporation Information<br>Services, Inc.,<br>As Registered Agent | Address: | 1201 Hayes Street<br>Tallahassee, FL 32301 |
|---|---|---|---|

**IMPORTANT**

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money and property may thereafter be taken without further warning from the Court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in the phone book).

If you choose to file a written response yourself, at the same time you file your written response with the Clerk of the Court, you must also mail or take a copy of your written response to the "Plaintiff/Plaintiff's Attorney" named below. The central location of the Clerk's office is at the Dade County Courthouse. The address of the courthouse, and branch locations are listed below for your convenience:

| Dade County Courthouse<br>Clerk of Courts<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | Joseph Caleb Center (20)<br>Room 205<br>5400 NW 22 Avenue<br>Miami, FL 33142 | North Dade Justice Ctr (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Bch, FL 33160 | Hialeah District Court (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 |
|---|---|---|---|
| Miami Beach District (24)<br>Room 224<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | Coral Gables District (25)<br>Room 100<br>3100 Ponce de Leon Blvd.<br>Coral Gables, FL 33134 | South Dade Justice Ctr (26)<br>Rom 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |
| Plaintiff/Plaintiff's Attorney<br><br>Florida Bar No. | Address: | | |

| HARVEY RUVIN<br>CLERK OF COURTS | BY: _____<br>DEPUTY CLERK | MANUEL BLANCO | DATED ON:<br>DEC 2 6 2012<br>CLERK OF THE CIRCUIT COURT |
|---|---|---|---|

**AMERICANS WITH DISABILITIES ACT OF 1990**

IF YOU ARE A PERSON WITH A DISABILITY WHO NEEDS ANY ACCOMMODATION TO PARTICIPATE IN THIS PROCEEDING, YOU ARE ENTITLED, AT NO COST TO YOU, TO THE PROVISION OF CERTAIN ASSISTANCE. PLEASE CONTACT THE DADE COUNTY, COURT'S ADA COORDINATOR AT 73 WEST FLAGLER STREET, ROOM 1600, MIAMI, FLORIDA. 33130. TELEPHONE NUMBERS (305) 349-7175 FOR VOICE, (305) 349-7174 FOR TDD AND (305) 349-7011 FOR FAX. WITHIN TWO (2) WORKING DAYS OF YOUR RECEIPT OF THIS DOCUMENT. TDD USERS MAY ALSO CALL 1-800-955-8771, FOR THE FLORIDA RELAY SERVICE.

CLK/CT 70 REV. 4/04

Clerk's web address: ww

**EXHIBIT**
**1**

☐ EN LA CORTE DE CIRCUITO DEL UNDÉCIMO CIRCUITO JUDICIAL EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA

☐ EN EL TRIBUNAL DEL CONDADO EN Y PARA EL CONDADO DE MIAMI-DADE, LA FLORIDA

| DIVISIÓN<br>☐ CIVIL<br>☐ OTRA | EMPLAZAMIENTO DE ACCIÓN CIVIL<br>(b) Notificación Personal a Persona Natural | NÚMERO DE CASO |
|---|---|---|
| DEMANDANTE(S) | VS. DEMANDADO(S) | HORA |

EL ESTADO DE LA FLORIDA: A CADA ALGUACIL DEL ESTADO, SE LE ORDENA que haga entrega de esta notificación y una copia de la demanda en este pleito al demandado:

| A Demandado(s): | Dirección: |
|---|---|

### IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 días, contados a partir del recibo de esta notificación, para contestar la demanda adjunta, por escrito y presentarla ante este tribunal. Una llamada telefónica no lo protegerá. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el número del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podría ser despojado de sus ingresos, dinero y propiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a una de las oficinas de asistencia legal (Legal Aid Office) o un servicio de referencia de abogados (Attorney Referral Service) que aparece en la guía telefónica.

Si desea responder a la demanda por su cuenta, al mismo tiempo que presenta su respuesta ante el tribunal, deberá usted enviar por correo o entregar a mano una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante) y presentar su contestación a la demanda al Secretario del Juzgado. La ubicación central de la Oficina del Secretario está en el edificio de la Corte del Condado de Dade. La dirección del edificio de la Corte, la ubicación de las sucursales están listadas más abajo para su conveniencia:

| Dade County Courthouse<br>Clerk of Courts<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | Joseph Caleb Center (20)<br>Room 205<br>5400 NW 22 Avenue<br>Miami, FL 33142 | North Dade Justice Ctr (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Bch, FL 33160 | Hialeah Discrict Court (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 |
|---|---|---|---|
| Miami Beach District (24)<br>Room 224<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | Coral Gables District (25)<br>Room 100<br>3100 Ponce de Leon Blvd.<br>Coral Gables, FL 33134 | South Dade Justice Ctr (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | SERVICIO |

| Demandante o Abogado del Demandante<br><br>No. del Colegio de Abogados | Dirección: |
|---|---|

| HARVEY RUVIN<br>Secretario del<br>Tribunal del Condado | POR:_____<br>COMO SECRETARIO DIPUTADO | FECHA:<br><br>SEC. DEL TRIBUNAL DEL CONDADO |
|---|---|---|

### LEY DE AMERICANOS CON INCAPACIDADES DE 1990

SI USTED ES UNA PERSONA CON UNA INCAPACIDAD QUE NECESITA ACOMODO ESPECIAL PARA PARTICIPAR EN ESTE PROCESO, USTED TIENE DERECHO, SIN COSTO ALGUNO PARA USTED, A QUE SE LE PROVEA CIERTA ASISTENCIA. POR FAVOR, COMUNÍQUESE CON EL COORDINADOR ADA DEL TRIBUNAL DEL CONDADO DE DADE EN EL 73 WEST FLAGLER STREET, OFICINA 1600, MIAMI, FLORIDA, 33130, TELÉFONO (305) 349-7175 PARA VOZ, (305) 349-7174 PARA TDD Y (305) 349-7011 POR FAX, DENTRO DE DOS (2) DÍAS HÁBILES DEL RECIBO DE ESTE DOCUMENTO. LOS QUE USAN TDD TAMBIÉN PUEDEN LLAMAR AL 1-800-955-8771. PARA EL SERVICIO DE RETRANSMISIÓN DE LA FLORIDA.

☐ AU TRIBUNAL DU ONZIÈME ARRONDISSEMENT JUDICIAIRE DANS ET POUR MIAMI-DADE, FLORIDE

☐ AU TRIBUNAL DE JUGEMENT ET POUR LE DÉPARTENT DE MIAMI-DADE, FLORIDE

| DIVISION<br>☐ CIVILE<br>☐ AUTRE | CONVOCATION D'ACTION CIVILE<br>(b) Livral on personnelle a une personne | NUMÉRO DE CAS |
|---|---|---|
| **PLAINTE(S)** | **CONTRE ACCUSE(S)** | **HEURE IN** |

L'ETAT DE LA FLORIDE: A CHAQUE SHÉRIF DE L'ÉTAT VOUS ÊTES OBLIGE de présenter cette citation et une photocople de la plainte de ce document sur l'accuse (e) ci-dessus:

| A (Aux) Accuse(s): | Adresse: |
|---|---|

## IMPORTANT

Des poursuites judiciaires ont été entreprises contre vous. Vous avez 20 jours consécutifs a partir de la date de l'assignation de cette citation pour déposer une réponse écrite a la Plainte ci-jointe auprès de ce tribunal. Un simple coup de téléphone est insuffisant pour vous protéger. Vous êtes obliges de déposer votre réponse écrite, avec mention du numéro de dossier ci-dessus et du nom des parties nommées ici, si vous souhaitez que le tribunal entende votre cause. Si vous ne déposez pas votre réponse écrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent être saisis par la suite, sans aucun préavis ultérieur du tribunal. Il y a d'autres obligations juridiques et vous pouvoe requérir les services immédiats d'un avocat. Si vouse ne connaissez pas d'avocat, vous pourriez téléphoner a un service de référence d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de téléphones).

Si vous choisissez de déposer vous- même, une réponse écrite, il vous faudra également, en même temps que cette formalité, faire parvenir où expédier une copie de votre réponse écrite au "Plaintif/Plaintif's Attomey" (Plaignant ou a son avocat) nomme ci-dessous et enregistrer votre réponse avec le Greffier du Tribunal. L'adresse centrale du bureau du Greffier est le Dade County Courthouse. L'adresse du tribunal, et l'adresse des succursales sont dans ci-dessous pour votre convenance:

| Dade County Courthouse<br>Clerk of Courts<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | Joseph Caleb Center (20)<br>Room 205<br>5400 NW 22 Avenue<br>Miami, FL 33142 | North Dade Justice Ctr (23)<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Bch, FL 33160 | Hialeah Discrict Court (21)<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 |
|---|---|---|---|
| Miami Beach District (24)<br>Room 224<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | Coral Gables District (25)<br>Room 100<br>3100 Ponce de Leon Blvd.<br>Coral Gables. FL 33134 | South Dade Justice Ctr (26)<br>Room 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |

| Plainte/Avocat du Plainte<br><br>Numéro de barreau de la Floride | Adresse: | |
|---|---|---|
| **HARVEY RUVIN**<br>Greffier du Tribunal | PAR:_____<br>COMME GREFFIER ADJOINT | DATE:<br><br>GREFFIER DU TRIBUNAL |

## AMÉRICAINS INFIRMES LOI DE 1990

SI VOUS ÊTES UNE PERSONNE INFIRME AYANT BESOIN DE LOGEMENT DANS CE PROCÈS. VOUS AVEZ LE DROIT QU'ON VOUS OFFRE UNE CERTAINE AIDE GRATUITE, S'IL VOU PLAÎT, CONTACTEZ LE COORDINATEUR ADA POUR LES TRIBUN AU EN DADE. AU 73 WEST FLAGLER STREET. ROOM 1800. MIAMI. FLORIDA. 33130. NUMÉROS DE TÉLÉPHONE (305) 349-7175 LE. (305) 349-7174 LE. (305) 349-7011 POUR ENVOYER UN FAX, PENDANT DEUX (2) JOURS DE TRAVAIL SUIVANT VOTRE REÇU DE CE DOCUMENT, LES PERSONNES AYANT DES PROBLÈMES D'ECOUTE PEUVENT AUSSI TÉLÉPHONER AU 1-800-955-8771. POUR LE SERVICE DE RELAIS DE LA FLORIDE.

| ☐ NAN TRIBUNAL ONZYEM AWONDISMAN JIDISYE NAN E POU MIAMI-DADE COUNTY, FLORIDA<br>☐ NAN TRIBINAL E POU TRIBINAL NAN MIAMI-DADE COUNTY, FLORIDA | | |
|---|---|---|
| **DIVIZYON**<br>☐ SIVIL -<br>☐ LOT | **KONVOKASYON POU KA SIVIL**<br>(b) Delivre Pesonelman Bay Yon Moun | **ÑIMEWO KA** |
| **PLENTIF** | **VS. KONT AKIZE** | **LE** |
| **ETA FLORIDA: POU CHAK CHERIF NAN ETA A YO ODONE** ou pou bay akize a (yo),<br>non l ekri anwo a, manda sa a ak yon kopi yo pote nan pwose sa a. | | |

| Akize: | Adres: | |
|---|---|---|

**ENPOTAN**

Yo entre yon aksyon kont oumeum. Ou genyen 20 jou kalandriye apres ou recevoi somasyon-an pou enregistre devan gréfié tribunal-sa, yon réponce pa ecri attaché avec plent-a. Yon apel pa telefon ka kapab protégé-ou. Sè yon repense pa ecri, fo ou mété numéro ka-a ki sou têt pagela avec nom moune-yo ki sou papié-sa obligé écri si ou vle ke tribinal-la tendé position-ou sou ka-a. Si ou pa enregistré réponce-ou a l'heure ou capab pedu ka-a, san que tribunal la pa anounce-ou en yen, ou capab pedu l'agen ou ak byen ou. Genyen lot demande. Ou ka bésoin téléfone you avoka tout de suit. Si ou pa lonen yon avoka, ou ka rélé sevis ki rekomandé avoka, ou biro édé legal (ki nan lis liv téléfone).

Si ou shoisi voyé yon reponce pa ecri oumenm, ou suposé en mem tan poste on polé on copi response pa ecri pou avoka pleyan ou pleyan-yo ke non-li ama-a et enregistre reponce-la nan tribunal-la ki localizé nan avek Sekrêté Tribinal. Adrés santral biwo Sekrêté a se Dade County Courthouse. Adrés tribinal la, ak adrés lot tribinal yo nan lis ki anba a pou ou ka jwenn yo alez:

| **Dade County Courthouse**<br>**Clerk of Courts**<br>Room 133<br>73 West Flagler Street<br>Miami, FL 33130 | **Joseph Caleb Center (20)**<br>Room 205<br>5400 NW 22 Avenue<br>Miami, FL 33142 | **North Dade Justice Ctr (23)**<br>Room 100<br>15555 Biscayne Blvd.<br>North Miami Bch, FL 33160 | **Hialeah District Court (21)**<br>Room 100<br>11 East 6th Street<br>Hialeah, FL 33010 |
|---|---|---|---|
| **Miami Beach District (24)**<br>Room 224<br>1130 Washington Avenue<br>Miami Beach, FL 33139 | **Coral Gables District (25)**<br>Room 100<br>3100 Ponce de Leon Blvd.<br>Coral Gables. FL 33134 | **South Dade Justice Ctr (26)**<br>Rom 1200<br>10710 SW 211 Street<br>Miami, FL 33189 | **SERVICE** |
| Plaintiff/Plaintiff Attorney<br><br>Nimewo manm avoka a: | Adres: | |

| **HARVEY RUVIN**<br>Sekrete Jeneral Tribinal La | _____<br>**SEKRETE** | **DATE:**<br><br>SEKRETE JENERAL TRIBINAL LA |
|---|---|---|

**KOD 1990 POU AMERIKEN KI DOMAJE**

SI OU SE YON MOUN KI DOMAJE E OU BEZWEN ED POU PATISIPE LAN DEMACH SA A, OU GEN DWA JWENN KEK ED SAN KE OU PA OBLIJE ANYÉN SILVOUPLE KONTAKTÈ DADE COUNTY COURT'S ADA COORDINATOR NAN 73 WEST FLAGLER STREET, CHANM 1600, MIAMI, FLORIDA, 33130, TELEFON (305) 349-7175 (VWA). (305) 349-7174 (SOUD). (305) 349-7011 (FAX), OU GEN DE (2) JOU DEPIKE YO TE FIN RESEVWA DOKIMAN SA A POU KONTAKTE BIWO DADE COUNTY COURTS ADA COORDINATOR A MOUN KI AP SEVI AK MACHIN PASKE YO SOUD, YOMENM TOU YO KA RELE 1-800-955-8771, SE SEVIS POU KOMINIKAS YON NAN FLORIDA.

COPY

☒ IN THE CIRCUIT COURT OF THE ELEVENTH JUDICIAL CIRCUIT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.
☐ IN THE COUNTY COURT IN AND FOR MIAMI-DADE COUNTY, FLORIDA.

| DIVISION ☒ CIVIL ☐ DISTRICTS ☐ FAMILY ☐ OTHER | CIVIL COVER SHEET | CASE NUMBER 2 - 4 9 9 1 8 CA 27 |
| --- | --- | --- |

| PLAINTIFF EVELYN GLORIA VIDELA CAMUS | VS. DEFENDANT CRYSTAL CRUISES, INC. INTERNATIONAL CRUISE MANAGEMENT AGENCY c/o International Cruise Services, Ltd. | CLOCK IN |
| --- | --- | --- |

The civil cover sheet and the information contained here does not replace the filing and service of pleadings or other papers as required by law. This form is required by the Clerk of Court for the purpose of reporting judicial workload data pursuant to Florida Statute 25.075. See instructions and definitions on reverse of this form.

**TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x in both the main category and subcategory boxes.

☐ 001 - Eminent Domain
☐ 003 - Contracts and Indebtedness
☐ 010 - Auto Negligence
☐ 022 - Products Liability
☐ 023 - Condominium
☒ Negligence - Other
  ☐ 097 - Business Governance
  ☐ 098 - Business Torts
  ☐ 099 - Environmental/Toxin Tort
  ☐ 100 - Third Party Indemnification
  ☐ 101 - Construction Defect
  ☐ 102 - Mass Tort
  ☐ 103 - Negligent Security
  ☐ 104 - Nursing Home Negligence
  ☐ 105 - Premises Liability - Commercial
  ☐ 106 - Premises Liability - Residential
  ☒ 107 - Negligence - Other
☐ Real Property/Mortgage Foreclosure
  ☐ 108 - Commercial Foreclosure $0 - $50,000
  ☐ 109 - Commercial Foreclosure $50,001 - $249,999
  ☐ 110 - Commercial Foreclosure $250,000 - or more
  ☐ 111 - Homestead Residential Foreclosure $0 - $50,000
  ☐ 112 - Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 113 - Homestead Residential Foreclosure $250,000 or more
  ☐ 114 - Non-Homestead Residential Foreclosure $0 - $50,000
  ☐ 115 - Non-Homestead Residential Foreclosure $50,001 - $249,999
  ☐ 116 - Non-Homestead Residential Foreclosure $250,000 or more
  ☐ 117 - Other Real Property Actions $0 - $50,000
  ☐ 118 - Other Real Property Actions $50,001 - $249,999

☐ 119 - Other Real Property Actions $250,000 or more
☐ Professional Malpractice
  ☐ 094 - Malpractice - Business
  ☐ 095 - Malpractice - Medical
  ☐ 096 - Malpractice - Other professional
☐ Other
  ☐ 120 - Antitrust/Trade Regulation
  ☐ 121 - Business Transactions
  ☐ 122 - Constitutional Challenge - Statute or Ordinance
  ☐ 123 - Constitutional Challenge - Proposed amendment
  ☐ 124 - Corporate Trust
  ☐ 125 - Discrimination - Employment or Other
  ☐ 126 - Insurance Claims
  ☐ 127 - Intellectual Property
  ☐ 128 - Libel/Slander
  ☐ 129 - Shareholder Derivative Action
  ☐ 130 - Securities Litigation
  ☐ 131 - Trade Secrets
  ☐ 132 - Trust Litigation
☐ 133 - Other Civil Complaint
  ☐ 009 - Bond Estreature
  ☐ 014 - Replevin
  ☐ 024 - Witness Protection
  ☐ 080 - Declaratory Judgment
  ☐ 081 - Injunctive Relief
  ☐ 082 - Equitable Relief
  ☐ 083 - Construction Lien
  ☐ 084 - Petition for Adversary Preliminary Hearing
  ☐ 085 - Civil Forfeiture
  ☐ 086 - Voluntary Binding Arbitration
  ☐ 087 - Personal Injury Protection (PIP)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐  No ☒

**REMEDIES SOUGHT** (check all that apply):

☒  monetary;

☐  non-monetary declaratory or injunctive relief;

☐  punitive

**NUMBER OF CAUSES OF ACTION: [   ]**
(specify)  Jones Act Negligence, Failure to provide Maintenance and Cure

**IS THIS CASE A CLASS ACTION LAWSUIT?**

☐  Yes

☒  No

**HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**

☒  No

☐  Yes   If "Yes", list all related cases by name, case number, and court.

**IS JURY TRIAL DEMANDED IN COMPLAINT?**

☒  Yes

☐  No

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief.

Signature _____   Florida Bar # 883182
              Attorney or party                                     (Bar # if attorney)

RICARDO V. ALSINA                              December 26, 2012
(type or print name)                           Date

 **COPY**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

GENERAL JURISIDICTION DIVISION

EVELYN GLORIA VIDELA CAMUS,

    Plaintiff,

v.

CRYSTAL CRUISES, INC.,
INTERNATIONAL CRUISE
MANAGEMENT AGENCY c/o
International Cruise Services, Ltd..

    Defendant.

CASE NO.:    1 2 - 4 9 9 1 8 CA 27

ORIGINAL
FILED

DEC 2 6 2012

HARVEY RUVIN
CLERK

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

1. This is an action seeking damages in excess of $15,000.00.

2. Defendants, CRYSTAL CRUISES, INC. and INTERNATIONAL CRUISE MANAGEMENT AGENCY c/o International Cruise Services, Ltd., at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Committed one or more of the acts stated in Florida Statutes, §48.081, §48.181 or §48.193;

    d. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

 **COPY**

IN THE CIRCUIT COURT OF THE 11TH
JUDICIAL CIRCUIT IN AND FOR
MIAMI-DADE COUNTY, FLORIDA

EVELYN GLORIA VIDELA CAMUS,

GENERAL JURISIDICTION DIVISION

    Plaintiff,

CASE NO.:     1 2 - 4 9 9 1 8 CA 27

v.

CRYSTAL CRUISES, INC.,
INTERNATIONAL CRUISE
MANAGEMENT AGENCY c/o
International Cruise Services, Ltd..

    Defendant.

ORIGINAL
FILED

DEC 2 6 2012

HARVEY RUVIN
CLERK

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

1. This is an action seeking damages in excess of $15,000.00.

2. Defendants, CRYSTAL CRUISES, INC. and INTERNATIONAL CRUISE MANAGEMENT AGENCY c/o International Cruise Services, Ltd., at all times material hereto, personally or through an agent:

    a. Operated, conducted, engaged in or carried on a business venture in this state and/or county or had an office or agency in this state and/or county;

    b. Was engaged in substantial activity within this state;

    c. Committed one or more of the acts stated in Florida Statutes, §48.081, §48.181 or §48.193;

    d. The acts of Defendants set out in this Complaint occurred in whole or in part in this county and/or state.

3. Defendants, CRYSTAL CRUISES, INC. and INTERNATIONAL CRUISE MANAGEMENT AGENCY c/o International Cruise Services, Ltd., are subject to the jurisdiction of the Courts of this state.

4. The causes of action asserted in this Complaint arise under the Jones Act, 46 U.S.C. §30104, and the General Maritime Law of the United States.

5. At all times material hereto, Defendant, CRYSTAL CRUISES, INC., owned, operated, managed, maintained and/or controlled the vessel M/S **Crystal Serenity**. This vessel was registered in a flag of convenience.

6. At all times material hereto, Defendant CRYSTAL CRUISES, INC. directed Plaintiff's duties and work onboard the M/S Crystal Serenity. Defendant CRYSTAL CRUISES, INC. is one of Plaintiff's Jones Act employers, under the "Borrowed Servant Doctrine."[1]

7. At all times material hereto, Defendant, INTERNATIONAL CRUISES MANAGEMENT AGENCY c/o International Cruises Services, Ltd., employed Plaintiff as a dining room waitress to work aboard the M/S Crystal Serenity.

8. At all times material hereto, Defendant INTERNATIONAL CRUISES MANAGEMENT AGENCY c/o International Cruises Services, Ltd., is an agent, apparent agent, joint venturer and/or partner of Defendant CRYSTAL CRUISES, INC.

9. On or about November 2010, while performing her duties as a dining room waitress aboard the M/S Crystal Serenity, Plaintiff injured her back. On or about December 2010, Plaintiff was sent back home to Chile for medical treatment.

## COUNT I – JONES ACT NEGLIGENCE AGAINST

---

[1] Under the borrowed servant doctrine, Courts are required to carefully scrutinize the employment relationship of seamen to determine who is the real employer in order that a Jones Act employer may not escape liability by delegating authority or using a third party. The purpose of the rule is to place the risk of a workers injury on his actual rather than his nominal employer by permitting the injured worker to recover from the company that was actually directing his work. *See Hall v. Diamond M Co.*, 635 F. Supp. 362 (E.D. La. 1986).

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

## DEFENDANT CRYSTAL CRUISES, INC.

Plaintiff realleges, incorporates by reference and adopts paragraphs one (1) through nine (9) as though originally alleged herein.

10. It was the duty of the Defendant CRYSTAL CRUISES, INC. (hereinafter "CRYSTAL") to provide Plaintiff with a safe place to work.

11. On or about November 2010, Plaintiff was injured while aboard the vessel as a result of an unsafe work environment.

12. Plaintiff's injuries are due to the fault and negligence of CRYSTAL, and/or its agents, servants, and/or employees as follows:

   a. Seamen's work takes place in isolated locations, without the site safety precautions available to workers in other industries;

   b. Defendant CRYSTAL failed to use reasonable care to provide and maintain a reasonably safe place for Plaintiff to work, fit with proper and adequate machinery, crew and equipment;

   c. Defendant CRYSTAL failed to promulgate and enforce reasonable rules and regulations to insure the safety and health of the Plaintiff, while engaged in the course of her employment with Defendants.

   d. Defendant CRYSTAL failed to use reasonable care to provide Plaintiff a safe place to work due to: 1) assigning the Plaintiff to lift trays that were too heavy for her to safely lift; and/or 2) assigning the Plaintiff to perform job duties involving repetitive lifting, bending, turning, pushing and/or pulling; and/or 3) failure to advise the Plaintiff what the weight of the load was prior to her having to lift it; and/or 4) failure to limit the weight of the load prior to Plaintiff lifting it to a

3

weight that would be safe for a person to lift regardless of how many lifts that person had to do during her work day; and/or 5) failure to provide the Plaintiff adequate mechanical aids to assist her in doing her job; and/or 6) failure to promulgate and/or enforce adequate policies and procedures to help prevent Plaintiff's type of injury; and/or 7) failure to warn Plaintiff of the dangers of heavy lifting; and/or 8) failure to adequately train and supervise Plaintiff to lift objects in a safe manner.

e. Defendant CRYSTAL failed to provide adequate instruction, and/or supervision to the Plaintiff and/or Plaintiff's fellow crew-members working with the Plaintiff and/or material to the happening of the incident/accident which is the basis of this action;

f. Defendant CRYSTAL failed to provide prompt, proper, and adequate medical care to the Plaintiff, which aggravated Plaintiff's injuries and caused her additional pain and disability;

g. Defendant CRYSTAL failed to provide Plaintiff reasonable hours of employment so as to not overwork her to the point of not being physically fit to carry out her duties safely. Defendant's employees are overworked to the point of fatigue.

h. Defendant CRYSTAL failed to learn the common and well known principles of industrial ergonomics and to apply them to their industry;

i. Defendant CRYSTAL failed to use modern work methods and procedures and to employ modern material handling techniques in their industry;

j. Defendant CRYSTAL failed to properly train and supervise the Plaintiff and Plaintiff's fellow crew members working with the Plaintiff and/or incidental

4

material to the incident/accident which is the basis of this action, on how to safely accomplish the task they were assigned;

k. Defendant CRYSTAL failed to provide the Plaintiff and/or Plaintiff's fellow crew members working with the Plaintiff and/or material to the incident/accident which is the basis of this action with proper mechanical aids to be able to perform the job being done safely. Aids commonly available in other similar industries.

l. Defendant CRYSTAL failed to provide the Plaintiff and/or Plaintiff's fellow crew members working with the Plaintiff and/or material to the incident/accident which is the basis of this action adequate manpower to be able to perform the job being done in a reasonably safe manner. Defendant is having small work crews do jobs traditionally handled by larger crews;

m. Defendant CRYSTAL failed to ascertain the cause of prior similar incidents/accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's incident/accident;

n. Defendant CRYSTAL failed to follow sound management practices with the goal of providing Plaintiff a safe place to work;

o. Prior to Plaintiff's accident, Defendant CRYSTAL failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate those hazards, minimize those hazards or warn Plaintiff of the danger those hazards posed to the Plaintiff;

p. Defendant CRYSTAL failed to perform an adequate pre-employment physical on the Plaintiff in order to be able to determine the fitness level of and ability to perform the tasks required of her and to be able to determine any dangers that the

5.

L I P C O N ,  M A R G U L I E S ,  A L S I N A  &  W I N K L E M A N ,  P . A .

physical condition of the Plaintiff would subject the Plaintiff to while in Defendant's employ.

q. Defendant CRYSTAL failed to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996: with respect to the hours of work and rest as well as the other standards such as ILO 147;

r. Defendant CRYSTAL failed to select and utilize competent, skilled and properly trained medical care providers, trained in the proper medical specialty to be able to properly diagnose and treat the Plaintiff;

s. Defendant CRYSTAL failed to equip the ship's medical facility with proper and adequate medical diagnostic and treating equipment to enable the ship's medical care providers to properly provide for the plaintiff's medical needs;

t. Defendant CRYSTAL failed to provide Plaintiff with enough sleeping time so as to cause Plaintiff and the other crew-members on the vessel the same physical and mental impairments as being drunk.  These types of impairments have been documented in the Journal of Occupational and Environmental Medicine; 57:649-655 (October 2000);

u. Defendant CRYSTAL failed to properly manage Plaintiff's medical care after Plaintiff was injured and up to the time when she was declared at maximum medical improvement.

13. At all times material hereto, CRYSTAL violated the International Safety Management Code and failed to have proper, safe and an adequate Safety Management System Manual and/or to follow it on board the vessel on which the Plaintiff served. All of the above caused the Plaintiff to be injured and to not receive adequate care for her injuries.

6

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

14. CRYSTAL knew of the foregoing conditions causing Plaintiff's incident/accident and did not correct them, or the conditions existed for a sufficient length of time so that CRYSTAL, in the exercise of reasonable care, should have learned of them and corrected them.

15. As a result of the negligence of CRYSTAL, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with her job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT II – JONES ACT NEGLIGENCE AGAINST DEFENDANT INTERNATIONAL CRUISES MANAGEMENT AGENCY c/o International Shipping Services, Ltd.

Plaintiff realleges, incorporates by reference and adopts paragraphs one (1) through nine (9) as though originally alleged herein.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

16. It was the duty of the Defendant INTERNATIONAL CRUISE MANAGEMENTY AGENCY c/o International Shipping Services, Ltd. (hereinafter "ICMA") to provide Plaintiff with a safe place to work.

17. On or about November 2010, Plaintiff was injured while aboard the vessel as a result of an unsafe work environment.

18. Plaintiff's injuries are due to the fault and negligence of ICMA, and/or its agents, servants, and/or employees as follows:

    a. Seamen's work takes place in isolated locations, without the site safety precautions available to workers in other industries;

    b. Defendant ICMA failed to use reasonable care to provide and maintain a reasonably safe place for Plaintiff to work, fit with proper and adequate machinery, crew and equipment;

    c. Defendant ICMA failed to promulgate and enforce reasonable rules and regulations to insure the safety and health of the Plaintiff, while engaged in the course of her employment with Defendants.

    d. Defendant ICMA failed to use reasonable care to provide Plaintiff a safe place to work due to: 1) assigning the Plaintiff to lift trays that were too heavy for her to safely lift; and/or 2) assigning the Plaintiff to perform job duties involving repetitive lifting, bending, turning, pushing and/or pulling; and/or 3) failure to advise the Plaintiff what the weight of the load was prior to her having to lift it; and/or 4) failure to limit the weight of the load prior to Plaintiff lifting it to a weight that would be safe for a person to lift regardless of how many lifts that person had to do during her work day; and/or 5) failure to provide the Plaintiff

8

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

adequate mechanical aids to assist her in doing her job; and/or 6) failure to promulgate and/or enforce adequate policies and procedures to help prevent Plaintiff's type of injury; and/or 7) failure to warn Plaintiff of the dangers of heavy lifting; and/or 8) failure to adequately train and supervise Plaintiff to lift objects in a safe manner.

e. Defendant ICMA failed to provide adequate instruction, and/or supervision to the Plaintiff and/or Plaintiff's fellow crew-members working with the Plaintiff and/or material to the happening of the incident/accident which is the basis of this action;

f. Defendant ICMA failed to provide prompt, proper, and adequate medical care to the Plaintiff, which aggravated Plaintiff's injuries and caused her additional pain and disability;

g. Defendant ICMA failed to provide Plaintiff reasonable hours of employment so as to not overwork her to the point of not being physically fit to carry out her duties safely.  Defendant's employees are overworked to the point of fatigue.

h. Defendant ICMA failed to learn the common and well known principles of industrial ergonomics and to apply them to their industry;

i. Defendant ICMA failed to use modern work methods and procedures and to employ modern material handling techniques in their industry;

j. Defendant ICMA failed to properly train and supervise the Plaintiff and Plaintiff's fellow crew members working with the Plaintiff and/or incidental material to the incident/accident which is the basis of this action, on how to safely accomplish the task they were assigned;

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

k.  Defendant ICMA failed to provide the Plaintiff and/or Plaintiff's fellow crew members working with the Plaintiff and/or material to the incident/accident which is the basis of this action with proper mechanical aids to be able to perform the job being done safely.  Aids commonly available in other similar industries.

l.  Defendant ICMA failed to provide the Plaintiff and/or Plaintiff's fellow crew members working with the Plaintiff and/or material to the incident/accident which is the basis of this action adequate manpower to be able to perform the job being done in a reasonably safe manner.  Defendant is having small work crews do jobs traditionally handled by larger crews;

m.  Defendant ICMA failed to ascertain the cause of prior similar incidents/accidents so as to take measures to prevent their re-occurrence, and more particularly Plaintiff's incident/accident;

n.  Defendant ICMA failed to follow sound management practices with the goal of providing Plaintiff a safe place to work;

o.  Prior to Plaintiff's accident, Defendant ICMA failed to investigate the hazards to Plaintiff and then take the necessary steps to eliminate those hazards, minimize those hazards or warn Plaintiff of the danger those hazards posed to the Plaintiff;

p.  Defendant ICMA failed to perform an adequate pre-employment physical on the Plaintiff in order to be able to determine the fitness level of and ability to perform the tasks required of her and to be able to determine any dangers that the physical condition of the Plaintiff would subject the Plaintiff to while in Defendant's employ.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

q.   Defendant ICMA failed to adhere to the Seafarers' Hours of Work and the Manning of Ships Convention, 1996: with respect to the hours of work and rest as well as the other standards such as ILO 147;

r.   Defendant ICMA failed to select and utilize competent, skilled and properly trained medical care providers, trained in the proper medical specialty to be able to properly diagnose and treat the Plaintiff;

s.   Defendant ICMA failed to equip the ship's medical facility with proper and adequate medical diagnostic and treating equipment to enable the ship's medical care providers to properly provide for the plaintiff's medical needs;

t.   Defendant ICMA failed to provide Plaintiff with enough sleeping time so as to cause Plaintiff and the other crew-members on the vessel the same physical and mental impairments as being drunk. These types of impairments have been documented in the Journal of Occupational and Environmental Medicine; 57:649-655 (October 2000);

u.   Defendant ICMA failed to properly manage Plaintiff's medical care after Plaintiff was injured and up to the time when she was declared at maximum medical improvement.

19. At all times material hereto, ICMA violated the International Safety Management Code and failed to have proper, safe and an adequate Safety Management System Manual and/or to follow it on board the vessel on which the Plaintiff served. All of the above caused the Plaintiff to be injured and to not receive adequate care for her injuries.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

20. ICMA knew of the foregoing conditions causing Plaintiff's incident/accident and did not correct them, or the conditions existed for a sufficient length of time so that ICMA, in the exercise of reasonable care, should have learned of them and corrected them.

21. As a result of the negligence of ICMA, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and her working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with her job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

**WHEREFORE,** Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT III – UNSEAWORTHINESS AGAINST
## DEFENDANT CRYSTAL CRUISES, INC.

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through nine (9) as though originally alleged herein.

22. On or about the previously stated date, Plaintiff was a seaman and a member of the crew of Defendants CRYSTAL vessel, which was in navigable waters.

12

L I P C O N ,   M A R G U L I E S ,   A L S I N A   & -  W I N K L E M A N ,   P . A .

23. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant CRYSTAL.

24. Defendant CRYSTAL had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

25. The question of seaworthiness is a question of fact for the jury. *Jordan v. United States Lines, Inc.*, 738 F. 2d 48 (1st Cir. 1984); *see also Valm v. Hercules Fish Products, Inc.*, 701 F. 2d 235 (1st Cir. 1983).

26. On or about the previously stated date the unseaworthiness of Defendants CRYSTAL vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

    a.  The vessel was unsafe and unfit due to the conditions created by Defendants as follows: 1) assigning the Plaintiff to lift trays that were too heavy for her to safely lift; and/or 2) assigning the Plaintiff to perform job duties involving repetitive lifting, bending, turning, pushing and/or pulling; and/or 3) failure to advise the Plaintiff what the weight of the load was prior to her having to lift it; and/or 4) failure to limit the weight of the load prior to Plaintiff lifting it to a weight that would be safe for a person to lift regardless of how many lifts that person had to do during her work day; and/or 5) failure to provide the Plaintiff adequate mechanical aids to assist her in doing her job; and/or 6) failure to promulgate and/or enforce adequate policies and procedures to help prevent Plaintiff's type of injury; and/or 7) failure to warn Plaintiff of the dangers of heavy lifting; and/or 8) failure to adequately train and supervise Plaintiff to lift objects in a safe manner.

    b.  The vessel was not reasonably fit for its intended purpose;

    c.  The vessel's crew was not properly trained, instructed or supervised;

13

d.  The vessel did not have a fit crew;

e.  The vessel did not have adequate manpower for the task being performed;

f.  The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

27. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT IV – UNSEAWORTHINESS AGAINST
## DEFENDANT INTERNATIONAL CRUISES MANAGEMENT AGENCY c/o
## International Shipping Services, Ltd.

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through nine (9) as though originally alleged herein.

14

28. On or about the previously stated date, Plaintiff was a seaman and a member of the crew of Defendants ICMA vessel, which was in navigable waters.

29. At all times material hereto, the vessel was owned, managed, operated and/or controlled by Defendant ICMA.

30. Defendant ICMA had the absolute nondelegable duty to provide Plaintiff with a seaworthy vessel.

31. The question of seaworthiness is a question of fact for the jury. *Jordan v. United States Lines, Inc.*, 738 F. 2d 48 (1st Cir. 1984); *see also Valm v. Hercules Fish Products, Inc.*, 701 F. 2d 235 (1st Cir. 1983).

32. On or about the previously stated date the unseaworthiness of Defendants ICMA vessel was a legal cause of injury and damage to the Plaintiff by reason of the following:

    a.  The vessel was unsafe and unfit due to the conditions created by Defendants as follows: 1) assigning the Plaintiff to lift trays that were too heavy for her to safely lift; and/or 2) assigning the Plaintiff to perform job duties involving repetitive lifting, bending, turning, pushing and/or pulling; and/or 3) failure to advise the Plaintiff what the weight of the load was prior to her having to lift it; and/or 4) failure to limit the weight of the load prior to Plaintiff lifting it to a weight that would be safe for a person to lift regardless of how many lifts that person had to do during her work day; and/or 5) failure to provide the Plaintiff adequate mechanical aids to assist her in doing her job; and/or 6) failure to promulgate and/or enforce adequate policies and procedures to help prevent Plaintiff's type of injury; and/or 7) failure to warn Plaintiff of the dangers of heavy lifting; and/or 8) failure to adequately train and supervise Plaintiff to lift objects in a safe manner.

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

b.  The vessel was not reasonably fit for its intended purpose;

c.  The vessel's crew was not properly trained, instructed or supervised;

d.  The vessel did not have a fit crew;

e.  The vessel did not have adequate manpower for the task being performed;

f.  The crew and Plaintiff were overworked to the point of being exhausted and not physically fit to carry out their duties.

33. As a result of the unseaworthiness of the vessel, the Plaintiff was injured about Plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity has been impaired. The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future. In addition, Plaintiff in the past and in the future has lost the fringe benefits that come with plaintiff's job, including but not limited to found, free food, free shelter, free medical care, free uniforms, vacation, and free air line ticket home and back.

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT V – FAILURE TO PROVIDE MAINTENANCE AND CURE AGAINST DEFENDANT CRYSTAL CRUISES, INC.

16

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through nine (9) as though originally alleged herein.

34. On or about the previously stated date, Plaintiff while in the service of the vessel as a crew member was injured.

35. Under the General Maritime Law, Plaintiff, as a seaman/woman, is entitled to recover maintenance and cure from Defendant CRYSTAL, until Plaintiff is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage whichever is longer.

36. Defendant CRYSTAL willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and delayed providing the plaintiff the level of cure that the plaintiff needed so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. In addition Defendant CRYSTAL is late in paying the maintenance and cure.

37. Defendant CRYSTAL failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States. Further Defendants unreasonably failed to pay or provide Plaintiff with maintenance and cure which aggravated her condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings

of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and in the future.

**WHEREFORE,** Plaintiff demands all damages entitled by law, attorneys fees and demands jury trial of all issues so triable.

## COUNT VI – FAILURE TO PROVIDE MAINTENANCE AND CURE AGAINST DEFENDANT INTERNATIONAL CRUISES MANAGEMENT AGENCY c/o International Shipping Services, Ltd.

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through nine (9) as though originally alleged herein.

38. On or about the previously stated date, Plaintiff while in the service of the vessel as a crew member was injured.

39. Under the General Maritime Law, Plaintiff, as a seaman/woman, is entitled to recover maintenance and cure from Defendant ICMA, until Plaintiff is declared to have reached maximum possible cure. This includes unearned wages (regular wages, overtime, vacation pay and tips), which were reasonably anticipated to the end of the contract or voyage whichever is longer.

40. Defendant ICMA willfully and callously delayed, failed and/or refused to pay Plaintiff's entire maintenance and delayed providing the plaintiff the level of cure that the plaintiff needed so that Plaintiff has become obligated to pay the undersigned a reasonable attorney's fee. In addition Defendant ICMA is late in paying the maintenance and cure.

41. Defendant ICMA failure to pay Plaintiff's entire maintenance and cure is willful, arbitrary, capricious, and in callous disregard for Plaintiff's rights as a seaman. As such, Plaintiff would be entitled to attorney's fee under the General Maritime Law of the United States. Further Defendants unreasonably failed to pay or provide Plaintiff with

18

maintenance and cure which aggravated her condition and caused Plaintiff to suffer additional compensatory damages including but not limited to the aggravation of Plaintiff's physical condition, disability, pain and suffering, reasonable fear of developing future physical and medical problems, mental anguish, loss of enjoyment of life, feelings of economic insecurity as well as lost earnings or earning capacity, and medical and hospital expenses in the past and in the future.

**WHEREFORE,** Plaintiff demands all damages entitled by law, attorneys fees and demands jury trial of all issues so triable.

### COUNT VII – FAILURE TO TREAT AGAINST DEFENDANT CRYSTAL CRUISES, INC.

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through nine (9) as though originally alleged herein.

42. On or about the previously stated date, Plaintiff was employed by Defendant CRYSTAL as a seaman and was a member of the vessel's crew. The vessel was in navigable waters.

43. It was the duty of Defendant CRYSTAL to provide Plaintiff with prompt, proper and adequate medical care.

44. Defendant CRYSTAL through the ship's physicians and nurses negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care. This conduct includes, but is not limited to:

    a. Defendant not giving Plaintiff medical care in a timely manner after she reported her injury to Defendant; and/or

    b. Defendant sending Plaintiff back to work after she reported her injury to Defendant without adequately determining the risks to the Plaintiff's health that

19

L I P C O N ,   M A R G U L I E S ,   A L S I N A   &   W I N K L E M A N ,   P . A .

send her back to work would subject her to further injuries and/or aggravation of pre-existing conditions; and/or,

   c.   Defendant manipulating and directing Plaintiff's medical care in such a way as to minimize its expense for same and at times delaying and denying the Plaintiff medical care that was recommended by her doctors.

45. As a direct and proximate result of Defendant CRYSTAL failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged.  In addition, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

46. This Count is alleged separately from Jones Act Negligence pursuant to Joyce v. Atlantic Richfield Company, 651 F. 2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

   WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

## COUNT VIII – FAILURE TO TREAT AGAINST

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

## DEFENDANT INTERNATIONAL CRUISES MANAGEMENT AGENCY c/o International Shipping Services, Ltd.

Plaintiff re-alleges, incorporates by reference, and adopts paragraphs one (1) through nine (9) as though originally alleged herein.

47. On or about the previously stated date, Plaintiff was employed by Defendant ICMA as a seaman and was a member of the vessel's crew.  The vessel was in navigable waters.

48. It was the duty of Defendant ICMA to provide Plaintiff with prompt, proper and adequate medical care.

49. Defendant ICMA through the ship's physicians and nurses negligently failed to provide Plaintiff with prompt, proper, adequate, and complete medical care.  This conduct includes, but is not limited to:

   a. Defendant not giving Plaintiff medical care in a timely manner after she reported her injury to Defendant; and/or

   b. Defendant sending Plaintiff back to work after she reported her injury to Defendant without adequately determining the risks to the Plaintiff's health that send her back to work would subject her to further injuries and/or aggravation of pre-existing conditions; and/or,

   c. Defendant manipulating and directing Plaintiff's medical care in such a way as to minimize its expense for same and at times delaying and denying the Plaintiff medical care that was recommended by her doctors.

50. As a direct and proximate result of Defendant ICMA's failure, Plaintiff suffered additional pain, disability and/or Plaintiff's recovery was prolonged.  In addition, the Plaintiff was injured about plaintiff's body and extremities, suffered physical pain and suffering, mental anguish, reasonable fear of developing future physical and medical

LIPCON, MARGULIES, ALSINA & WINKLEMAN, P.A.

problems, loss of enjoyment of life, physical disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation of any previously existing conditions therefrom, incurred additional medical expenses in the care and treatment of plaintiff's injuries, suffered physical handicap, lost wages, income lost in the past, and plaintiff's working ability and earning capacity has been impaired.  The injuries and damages are permanent or continuing in nature, and Plaintiff will suffer the losses and impairments in the future.

51. This Count is alleged separately from Jones Act Negligence pursuant to Joyce v. Atlantic Richfield Company, 651 F. 2d 676 (10th Cir. 1981) which states, in part, "Negligent failure to provide prompt medical attention to a seriously injured seaman gives rise to a separate claim for relief [for which separate damages are awardable]."

WHEREFORE, Plaintiff demands all damages entitled by law and demands jury trial of all issues so triable.

Respectfully submitted,

Lipcon, Margulies, Alsina & Winkleman, P.A.
One Biscayne Tower, Suite 1776
2 South Biscayne Boulevard
Miami, Florida 33131
Telephone: (305) 373-3016
Facsimile: (305) 373-6204

By: _____
RICARDO V. ALSINA
Florida Bar No. 0883182

22



**RECEIVED**

JAN 17 2013

**FINANCE DEPT.**

CORPORATION SERVICE COMPANY

**null / ALL**
**Transmittal Number: 10740827**
**Date Processed: 01/16/2013**

# Notice of Service of Process

| | |
|---|---|
| Primary Contact: | Richard Brumbaugh<br>Crystal Cruises, Inc.<br>2049 Century Park East<br>Suite 1400<br>Los Angeles, CA 90067-5026 |

| | |
|---|---|
| **Entity:** | Crystal Cruises, Inc.<br>Entity ID Number 1568916 |
| **Entity Served:** | Crystal Cruises, Inc. |
| **Title of Action:** | Evelyn Gloria Videla Camus vs. Crystal Cruises, Inc., |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Personal Injury |
| **Court/Agency:** | Miami-Dade County Circuit Court, Florida |
| **Case/Reference No:** | 12-49918CA 27 |
| **Jurisdiction Served:** | Florida |
| **Date Served on CSC:** | 01/16/2013 |
| **Answer or Appearance Due:** | 20 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Ricardo V. Alsina<br>305-373-3016 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**
*CSC is SAS70 Type II certified for its Litigation Management System.*
2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscinfo.com