UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-20551-CIV-HOEVELER

EVELYN GLORIA VIDELA CAMUS,

    Plaintiff,

v.

CRYSTAL CRUISES, INC., INTERNATIONAL
CRUISE MANAGEMENT AGENCY c/o
INTERNATIONAL CRUISE SERVICES, LTD.,

    Defendants.
_____/

## ORDER COMPELLING ARBITRATION

THIS CAUSE comes before the Court on Defendants' Motion to Dismiss in Favor of Arbitration or Motion to Transfer Venue. Plaintiff responded in opposition, and Defendant filed a reply brief. The Court has determined that Plaintiff's claims are subject to arbitration, for the reasons stated below.

## BACKGROUND

This action arises from injuries Plaintiff, Evelyn Gloria Videla Camus, allegedly suffered[1] in November 2010 while working as a dining room waitress aboard the vessel M/S Crystal Serenity - a vessel owned or controlled by Defendant

---

[1] According to the Complaint, Plaintiff "injured her back." Complaint, ¶ 9. However, there is evidence in the record that Plaintiff returned to her home in Chile to receive medical treatment "for her complaint of chronic headaches." ECF No. 3-2, Affidavit of Ingrid Kihle, General Manager of International Cruise Management Agency. At this stage of the proceedings, the Court need not resolve the question as to the nature of Plaintiff's injuries.

Crystal Cruises, Inc. ("Crystal Cruises"). Plaintiff, a native of Chile, claims that she was employed by Defendant International Cruises Management Agency c/o International Cruise Services, Ltd. ("Management Agency"), and alleges that Management Agency acted as an agent of co-Defendant Crystal Cruises.

The Plaintiff brought claims in the Miami-Dade County Circuit Court against both Defendants for Jones Act negligence, unseaworthiness, failure to provide maintenance and cure, and failure to treat. The Defendant removed the action to this Court under 9 U.S.C. § 205, the removal provision of the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("the Convention Act"), based upon the following arbitration clause contained in the Plaintiff's employment agreement with the Defendant Management Agency:

> EMPLOYER and EMPLOYEE agree that any dispute or claims arising under this AGREEMENT shall be governed and adjudicated pursuant to the laws of Norway, and the agreed arbitration procedure, regardless of any other legal remedies that may be available.

(Employment Agreement, ¶ 19). Plaintiff signed an employment agreement containing this language in May 2008 (ECF No. 3-2, pp. 7-12), February 2009 (ECF No. 3-2, pp. 13-18), October 2009 (ECF No. 3-2, pp. 19-24) and again in July 2010 (ECF No. 3-2, pp. 25-30). The Agreement also provides that arbitration shall take place in Oslo, Norway,

> unless there are bona-fide extraordinary circumstances such as the inability of the EMPLOYEE to travel due to health reasons and or his/her inability to obtain travel documents to Oslo, in which case said arbitration shall take place in a mutually agreed upon location accessible to the EMPLOYEE, the Union, and the EMPLOYER.

Id., ¶ 25.D.

2

Although the agreement's provisions clearly require Plaintiff to submit her claims to the arbitration procedure and the laws of Norway, Plaintiff argues that there is no valid agreement to arbitrate because Plaintiff wasn't given the opportunity to "examine and review the terms and conditions of the arbitration provisions" and "seek counsel to advise him [sic] with respect to the terms and conditions of the arbitration agreement." ECF No. 10, p. 6. According to Plaintiff, in the absence of such conditions, the arbitration agreement was made under duress, and is in violation of Bahamian law, the Seamen's Convention, and the 2006 Maritime Labor Convention. Plaintiff also argues that Norwegian law does not provide the same rights to Plaintiff as the Jones Act and that Plaintiff will be completely deprived of her United States-law based cause of action if she is required to arbitrate under Norwegian law.

Defendant argues that binding precedent in this Circuit requires a ruling against Plaintiff's position, and Defendant seeks an order compelling the parties to arbitration pursuant to their Employment Agreement.

## ANALYSIS

"In deciding a motion to compel arbitration under the Convention Act, a court conducts a very limited inquiry. A district court must order arbitration unless (1) the four jurisdictional prerequisites are not met or (2) one of the Convention's affirmative defenses applies." Bautista v. Star Cruises, 396 F.3d 1289, 1294-95 (11th Cir. 2005)(internal quotations omitted). The four jurisdictional prerequisites are: (1) there is an agreement in writing within the meaning of the Convention; (2)

3

the agreement provides for arbitration in the territory of a signatory of the Convention; (3) the agreement arises out of a legal relationship, whether contractual or not, which is considered commercial; and (4) a party to the agreement is not an American citizen, or the commercial relationship has some reasonable relation with one or more foreign states. Bautista, 396 F.3d at 1294 n. 7.

As an initial matter, the Court finds that all four jurisdictional prerequisites are satisfied and there is no jurisdictional barrier to enforcement of the arbitration provision. First, Plaintiff signed a written Employment Agreement, which contains the arbitration clause at issue, on four occasions from 2008 through 2010. Second, the arbitration clause mandates that the arbitration occur in Oslo, Norway (or at a mutually agreeable location) and, therefore, provides for the arbitration to take place in the territory of a signatory of the Convention. Third, it is well established that employment contracts are commercial legal relationships under the Convention, Bautista, 396 F.3d at 1300, and Plaintiff was, at all material times, subject to an employment contract with Defendant Management Agency. Finally, Plaintiff is not an American citizen, but rather is a citizen of Chile. ECF No. 10-7.

After confirming that the jurisdictional prerequisites have been met, the Court must order arbitration unless one of the Convention's affirmative defenses apply. Article II(3) of the Convention recognizes only three affirmative defenses applicable at the initial arbitration-enforcement stage: that the arbitration agreement is "null and void, inoperative or incapable of being performed." Lindo v. NCL (Bahamas), Ltd., 652 F.3d 1257 (11th Cir. 2011). An arbitration agreement is 'null and void' under Article II(3) of the Convention "only where it is obtained

through those limited situations, 'such as fraud, mistake, duress, and waiver,' constituting 'standard breach-of-contract defenses' that 'can be applied neutrally on an international scale.'" Lindo, at 1276, quoting Bautista, 396 F.3d at 1302.

Plaintiff argues that her Employment Agreement was not a validly formed contract because Plaintiff was "from a poor rural community and was not in the position to negotiate the terms of her employment contract." ECF No. 10-7 (Plaintiff's Affidavit). This attempt to demonstrate duress is insufficient in light of the record evidence that Plaintiff repeatedly returned to sign the same agreement over a period of two years, and also that Plaintiff appears well-enough versed in the English language (the language of the Agreement) as she submitted her Affidavit in this matter in English.

Moreover, to the extent that Plaintiff is attempting to raise a public policy defense, e.g., suggesting that she lacked an equal bargaining power and was unable to collectively bargain for her rights and was asked to sign the agreement quickly instead of being given time to consult an attorney, the Eleventh Circuit has clearly stated that plaintiffs "cannot raise an Article V public policy defense at this initial arbitration-enforcement stage." Lindo at 1282. (A public policy defense would be premature at this initial stage, as only after entry of an arbitration award may a court refuse to enforce an arbitral award if the award is contrary to public policy.)

Plaintiff's argument that she will not have the same rights under Norwegian law is unavailing. The Eleventh Circuit has held that arbitration agreements that require the application of foreign law are valid and enforceable, even where "the application of foreign law may displace a U.S. statutory claim." Lindo, at 1285.

5

In sum, Article II(3)'s affirmative defense that an agreement is "null and void" simply does not encompass Plaintiff's asserted defense. The arbitration agreement is therefore valid and must be enforced.

Based on the above, it is

ORDERED and ADJUDGED that Defendant's Motion to Dismiss in Favor of Arbitration is GRANTED. Defendant's Motion to Transfer Venue is DENIED, as moot. This case is closed, but the Court will retain jurisdiction for the limited purpose of enforcement of the arbitration award, if necessary.

DONE AND ORDERED in Chambers in Miami this /5 day of August, 2013.

WILLIAM M. HOEVELER
SENIOR UNITED STATES DISTRICT JUDGE

Copies furnished: counsel of record